(81 App. Div. 600.)

SHAYNE v. WHITE et al.

(Supreme Court, Appellate Division, First Department.   April 9, 1903.)

1. TRIAL—VERDICT—AMENDMENT.
      The court cannot entertain a motion of defendant to amend a verdict returned for nominal compensatory damages and punitive damages by striking out the words "punitive damages" and the amount thereof.

Appeal from Trial Term, New York County.

Action by Christopher C. Shayne against Horace White and others. From an order denying a motion to amend verdict of jury, defendants appeal.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Lawrence Godkin, for appellants.

E. J. Gavegan, for respondent.

PATTERSON, J.   This appeal is from an order made at the Trial Term, which was intended to have the effect of denying a motion made by the defendants to amend the verdict of a jury.   The action was for a libel, and upon the trial the plaintiff recovered a verdict, which appears from the appeal book to have been rendered in the following words:   "We find for the plaintiff compensatory nominal damages in the sum of six cents, and two thousand dollars punitive damages." It also appears therefrom that counsel for the defendants moved that the record of the verdict be amended by striking out the words "two thousand dollars punitive damages," and that, as amended, the verdict be recorded, and then stating the grounds upon which that motion was made.   The trial was had on the 7th day of April, 1902, and was concluded the following day.   On the 5th day of June, 1902, an order was made by the learned judge before whom the cause was tried, stating that, "the jury having rendered a verdict in favor of the plaintiff and against the defendants in the sum of six cents compensatory damages and $2,000 punitive damages, and the defendants having made a motion upon the minutes at the coming in of said verdict to amend the record of the verdict by striking out the words 'and $2,000 punitive damages,' and as amended the verdict be recorded" (stating the grounds of the motion), "it is ordered that the said motion be, and the same hereby is, in all respects denied."   Subsequently, a motion was made to resettle the order denying the motion to amend the verdict, and on the 23d of June, 1902, another order was entered resettling the order of the 5th of June, and directing that

the clerk amend the record of the verdict so as to read as follows: "A verdict rendered therein for the plaintiff for compensatory nominal damages in the sum of six cents, and $2,000 punitive damages." It was further ordered "that the aforesaid order entered herein on the 6th day of June, 1902, denying defendant's motion to amend the verdict of the jury in this action be, and it is hereby, resettled by striking out, in the seventh and eighth lines of the second folio of said order, after the word 'defendant' in the seventh line, the following words, 'in the sum of six cents compensatory damages and $2,000 punitive damages,' and by inserting, in the place and stead of said words, the following, 'as follows: We find for the plaintiff compensatory nominal damages.'" It is from this last-mentioned order, called an "order of resettlement," that this appeal is taken.

No order embracing the whole terms of a final resettled order appears in this record, and we are called upon to frame a complete order for ourselves. In other words, we are to take the order first made on the denial of the motion, and then read or write into it the various matters directed to be inserted by the order appealed from, and that, too, without the slightest means of knowing where they are intended to be inserted. It would be sufficient to dispose of this appeal by saying that there is no complete order before the court, but, as that objection has not been taken, we will content ourselves with calling attention to the irregularity in the practice, with the further remark that, if the objection had been taken, the appeal would not have been heard.

The motion to amend the verdict in the manner requested by the learned counsel for the defendants at the trial was properly denied. The purpose of that motion was to reduce a substantial verdict, which the jury was entitled to find under the charge of the court, to a verdict merely for nominal damages. No motion was made to set aside the whole verdict, which, if made, would, upon a proper review of the case, have brought up the whole question of punitive damages; but it was to change a verdict which the jury had rendered into one which they not only did not render, but which they did not intend to render. The two branches of the verdict, as indicating the purpose of the jury, are not to be separated. It was within the power of the trial judge to set aside the verdict as being against the evidence, or as being against the law, and a question might be raised as to whether the whole verdict was one which ought to be entered, or which could have been entered. But it is not within the power of the court on motion to make a new verdict which it is manifest the jury did not intend to render. The motion is merely one to amend a verdict by making it an entirely different one from that found by the jury. The court had no power to falsify the record. It might refuse to accept the verdict as an entirety, or it might set it aside, but that is all. The defendants could not secure a final judgment for nominal damages, only, by the unauthorized change of a verdict in a case in which a jury indicated its purpose of giving more than nominal damages. Any error in the verdict, as said before, could have been cured by an appropriate motion, or by the ordinary processes of appeal in such cases.

The order must be affirmed, with costs. All concur.