FRANZ STERN, Respondent, v. ALICE L. RONA, Appellant.

First Department, May 3, 1946.

*Oswald Vischi* of counsel (*Daru, Vischi & Winter*, attorneys), for appellant.

*Alfred A. Rosen* of counsel (*Max Schoengold* with him on the brief), for respondent.

*Per Curiam.* This action does not involve a liquidated amount so that it may be said that if plaintiff is entitled to anything he is entitled to a certain specified sum as a matter of law. The amount was the subject of dispute between the parties. Under the circumstances it was for the jury to determine upon the evidence what, if anything, was due the plaintiff and the trial court was without power to award more than the jury found to be owing. (*Amory* v. *Washington Steamboat Co., Limited,* 120 App. Div. 818; *Shayne* v. *White,* 81 App. Div. 600; 53 A. L. R. 779 *et seq.*)

An examination of the record indicates quite clearly that the jury was well within its rights in rendering the verdict which it did. While the plaintiff contended that the amount sued for constituted a loan, the defendant asserted that the fund held by her and her deceased husband was a bailment under Austrian law. The jury might well have found that only part of that fund was loaned to defendant and the balance constituted a bailment for the loss of which defendant was not responsible under Austrian law.

The defendant testified that in 1936 she held 65,000 schillings belonging to plaintiff which she deposited in a special account with Kux, Bloch & Company. Of that amount 50,000 schillings represented the proceeds of the Zirndorf stock. In connection with that stock the plaintiff testified that it had been purchased for him by the defendant's husband; the dividends thereon were payable to him, and the stock could not be sold without his permission. It is significant that part of this testimony was elicited by questions put to the plaintiff by certain members of the jury. In this connection also defendant testified that after the sale of the stock she wrote plaintiff for instructions as to what was to be done with the proceeds but her inquiries remained unanswered.

Apparently the jury rejected plaintiff's claim as to the proceeds of the stock and found that only 15,000 schillings represented the balance due on the loan. That is indicated by its verdict for $4,000 which represents 15,000 schillings at the rate of $26\frac{2}{3}$ cents per schilling as charged by the court.

We have, therefore, come to the conclusion that the verdict rendered by the jury was amply supported by the evidence and should be reinstated.

The judgment should be modified by reinstating the verdict of the jury in favor of plaintiff for $4,000, with interest and costs, and as so modified affirmed, with costs of this appeal to the appellant.

602

MARTIN, P. J., TOWNLEY, GLENNON, CALLAHAN and PECK, JJ., concur.

Judgment unanimously modified by reinstating the verdict of the jury in favor of the plaintiff for $4,000, with interest and costs, and as so modified affirmed, with costs of this appeal to the appellant. Settle order on notice.